UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
RAYMOND AIGBEKAEN,                 :
                                   :
         Petitioner,               :   Civ. No. 19-22115 (NLH)
                                   :
    v.                             :   OPINION
                                   :
                                   :
WARDEN ORTIZ, et al.,              :
                                   :
         Respondents.              :
_____:

APPEARANCE:

Raymond Aigbekaen, No. 94655-379
FCI Fort Dix
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Raymond Aigbekaen seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security. See ECF No. 1 (petition).

In an order dated December 31, 2019, the Court administratively terminated the petition because Petitioner did not pay the filing fee or submit an in forma pauperis application. ECF No. 3. On January 15, 2020, Petitioner submitted a response to the Court's order stating that the Court had granted his in forma pauperis application in a separate

habeas petition, Raymond Aigbekaen v. Ortiz, No. 19-19844 (D.N.J. dismissed Jan. 17, 2020).

Petitioner did not submit a certified account statement with his application in this case.  Local Civil Rule 81.2(b) mandates that "[w]henever a Federal, State, or local prisoner submits a . . . petition for a writ of habeas corpus . . . and seeks in forma pauperis status, the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution . . . ."  This statement must be filed with each petition a prisoner submits. The fact that Petitioner was granted in forma pauperis status in a prior case does not automatically entitle him to in forma pauperis status in a new case.

Petitioner also did not submit his petition on the Clerk's form as instructed by the Court in its December 31, 2019 order.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

2

within thirty (30) days, by paying the filing fee of $5.00 or submitted a complete in forma pauperis application. An appropriate Order will be entered.

Dated: February 13, 2020      s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).